# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| | ) | Criminal Action No.: 1:15-cr-0804-JMC-1 |
| v. | ) | |
| | ) | |
| Arthur J. Vann, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant Arthur J. Vann's *pro se* 28 U.S.C. § 2255 Motion to Vacate (ECF No. 105), the Government's Motion to Dismiss Defendant's § 2255 Motion (ECF No. 109), and Defendant's Motion to Dismiss the Government's Response in Opposition to Defendant's § 2255 Motion (ECF No. 124). For the reasons stated herein, the court **GRANTS** the Government's Motion to Dismiss (ECF No. 109), **DISMISSES** Defendant's § 2255 Motion (ECF No. 105) as untimely, and **DENIES AS MOOT** Defendant's Motion to Dismiss the Government's Response in Opposition to Defendant's § 2255 Motion (ECF No. 124).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 2016, Defendant pled guilty to mail fraud in violation of 18 U.S.C. § 1341. (ECF Nos. 76, 80.) On August 9, 2017, the court entered judgment and Defendant was sentenced to forty-eight (48) months of imprisonment, three (3) years of supervised release, and restitution in the amount of three million two hundred sixty-two thousand four hundred fifty-two dollars and ten cents ($3,262,452.10). (ECF No. 100.) One (1) year and nearly three (3) months later, on November 5, 2018, Defendant filed his Motion to Vacate under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. (ECF No. 105 at 4.) On December 3, 2018, the Government filed a Motion to Dismiss Defendant's Motion to Vacate, declaring that Defendant's Motion was untimely. (ECF Nos. 108 at 1; 109 at 1–2.) In response, also on December 3, 2018, the court

1

issued a *Roseboro*[1] Order advising Defendant of the summary judgment procedures and allowing him thirty-four (34) days in which to file a response. (ECF No. 110 at 1.) On January 2, 2019, Defendant timely filed a Response in Opposition to the Government's Motion, in which he explains why his original § 2255 Motion was untimely:

> [First,] my Public Defender told me I could not appeal as I had waived my right of appeal in the Plea Agreement. My family . . . paid a law firm . . . to examine the possibility of filing an appeal. They were very uncommunicative and had no response for a long period of time. [Second,] access to information in Edgefield is difficult . . . . [For example,] computers with downloaded legal data [are] shared between 560 people. There is no internet access, no word processing facilities, with the exception of 5 . . . typewriters . . . [whose] ribbon cartridges have to be bought, as does paper[,] and correction wheels and photocopying ha[ve] to be paid for[.] However, I completed a Paralegal course . . . . The course was completed at the end of July 2018. I then made the application when I was able to get it typed, the Affidavit signed, . . . and then get the same photocopied.

(ECF No. 115 at 1–3.) Finally, on April 17, 2019, Defendant filed his Motion to Dismiss the Government's Response to Defendant's 28 U.S.C. § 2255 Motion. (ECF No. 124.) However, based upon the court's dismissal of Defendant's § 2255 Motion (ECF No. 105), the court denies as moot Defendant's Motion to Dismiss the Government's Response (ECF No. 124).

## II. STANDARD OF REVIEW

Defendant has a one-year limitation period in which to file a motion brought under 28 U.S.C.A. § 2255(f) (West 2019). Subject to specific exceptions, *see* § 2255 (f)(2)–(4), the period of limitation begins to run on "the date on which the judgment of conviction becomes final." § 2255(f)(1). In a case where there is no direct appeal, a defendant's conviction becomes final fourteen (14) days after the judgment is entered on the docket. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14

---

[1] In *Roseboro v. Garrison*, the United States Court of Appeals for the Fourth Circuit held that district courts are required to provide *pro se* litigants with an explanation of summary judgment procedures. 528 F.2d 309, 310 (4th Cir. 1975).

2

days after the later of: . . . the entry of either the judgment or the order being appealed."); *United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2001) ("Osborne was required to file his § 2255 motion within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review."). While district courts do recognize the applicability of equitable tolling, such tolling is only appropriate when a movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," which prevented timely filing. *United States v. Collins*, Cr. No. 3:09-1295-002-CMC, 2016 WL 4524221, at *2 (D.S.C. Aug. 29, 2016) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

### III. DISCUSSION

Pursuant to § 2255(f)(1), Defendant's § 2255 Motion is subject to the one-year period of limitation, which starts on the date the judgment of conviction became final.[2] The Judgment against Defendant was entered on August 9, 2017 (ECF No. 100), and Defendant did not file any direct appeal; therefore, Defendant's conviction became final on August 23, 2017. *See Whiteside v. United States*, 775 F.3d 180, 182 (4th Cir. 2014) ("The court entered judgment on July 20, 2010, and petitioner did not pursue a direct appeal. His conviction became final on August 3, 2010, when his time for appeal expired."); *Whitfield v. United States*, No. 7:16-CR-00010-BR, 2018 WL 2210441, at *3 (E.D.N.C. Apr. 12, 2018) ("Whitfield did not appeal his conviction or sentence in the required two-week period, making it final on August 19, 2016."). As such, to be filed in a timely manner, Defendant's § 2255 Motion was due no later than August 23, 2018. *See id.*

---

[2] Defendant alleges no unlawful governmental action that prevented him from filing his § 2255 Motion, so 28 U.S.C. § 2255(f)(2) is not applicable here. Nor does Defendant assert a right newly recognized by the United States Supreme Court and made retroactively applicable on collateral review under § 2255(f)(3). Finally, Defendant provides no evidence of newly-discovered facts that warrant application of § 2255(f)(4).

3

Defendant did not file his Motion until November 5, 2018 (ECF No. 105), which was nearly three (3) months after the one-year period of limitation required by 28 U.S.C. § 2255(f).[3]

Defendant offers reasons as to why he did not file his § 2255 motion in a timely manner, including (1) his belief that he had waived his right to appeal, and (2) his hindered ability to perform legal research and write his motion based upon limited and outdated prison library resources. (ECF No. 115 at 2.) However, none of these reasons constitute an "extraordinary circumstance" that would justify tolling the one-year period of limitation. *See Collins*, 2016 WL 4524221, at *2 ("It is Defendant's burden to show that 'some extraordinary circumstance stood in his way' in order to be entitled to the benefit of equitable tolling."). Defendant claims his attorney represented that Defendant waived his right to file an appeal; however, the appellate waiver in Defendant's Amended Plea Agreement does not apply to an ineffective assistance of counsel claim under § 2255.[4] (ECF No. 80 at 8.) Moreover, limited access to prison law libraries and resources "does not alone constitute a circumstance sufficient to justify tolling of the one-year limitations period." *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling); *Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008) (lack of legal expertise and limited access to a prison law library are not grounds for equitable tolling). Thus, the court determines that this case does not constitute one of the rare occasions where equitable tolling is appropriate.

Accordingly, since Defendant filed his § 2255 Motion more than one (1) year after the

---

[3] The court received Defendant's Motion to Vacate on November 5, 2018. (ECF No. 105.) While the court acknowledges that Defendant executed the Motion on October 31, 2018, this date is still beyond the one-year limitation.

[4] Defendant's Amended Plea Agreement states, "Defendant . . . waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel. . . .)" (ECF No. 80 at 8.)

4

judgment in his case became final, his Motion is untimely. *See* 28 U.S.C.A § 2255(f)(1). Additionally, the court finds that none of the reasons offered by Defendant for the delay in filing his § 2255 Motion constitute "extraordinary circumstances." Furthermore, as the court finds Defendant's § 2255 Motion is untimely, the court denies as moot his Motion to Dismiss the Government's Response (ECF No. 124).

## IV. CONCLUSION

Pursuant to the one-year period of limitation governing 28 U.S.C. § 2255 motions, Defendant's § 2255 Motion (ECF No. 105) was not filed in a timely manner. Accordingly, the court **GRANTS** the Government's Motion to Dismiss Defendant's 28 U.S.C. § 2255 Motion (ECF No. 109), **DISMISSES** Defendant's § 2255 Motion (ECF No. 105) as untimely, and **DENIES AS MOOT** Defendant's Motion to Dismiss the Government's Response in Opposition to Defendant's § 2255 Motion (ECF No. 124).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C.A. § 2253(c) (West 2019). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** Defendant a certificate of appealability.

**IT IS SO ORDERED.**

_____
J. Michelle Childs
United States District Judge

July 24, 2019
Columbia, South Carolina